UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FRUEHAUF de MEXICO, S.A. de C.V., | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No. 4:11 MC 281 RWS |
| WABASH NATIONAL CORPORATION, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Fruehauf de Mexico, S.A. de C.V. ("FDM") and Defendant Wabash National Corporation ("Wabash") engaged in an arbitration proceeding to address disputes that arose from an agreement the parties entered into for FDM to pay royalties to Wabash in exchange for FDM to use certain trademarks, patents, and technology and for Wabash to provide FDM with any "Improvements" Wabash made to the technology. The parties submitted their disputes to an arbitration panel, which entered a final award. FDM now seeks a modification of the arbitration award. For the reasons stated below, FDM's motion will be denied.

**I.      Background**

The parties entered into a licensing agreement in 1999 ("License Agreement"). The License Agreement gave FDM the right to use certain trademarks, patents, and technology in exchange for royalty payments. The License Agreement required Wabash to provide to FDM any "Improvements" that Wabash made to the technology. The License Agreement also required the parties to resolve any disputes arising from the License Agreement through arbitration administered by the American Arbitration Association.

FDM commenced arbitration proceedings alleging that Wabash breached its obligation to

disclose Improvements. Wabash asserted a counterclaim seeking royalty payments that were not paid by FDM beginning in mid-2001. The arbitration panel ultimately issued an Arbitration Award on February 14, 2011.

In the Arbitration Award, the arbitrators indicate that FDM only sought lost profits in its claim that Wabash failed to disclose Improvements to FDM. Pl's. Mem. in Supp. of Mot., Docket No. 3, Ex. 2 at 5. The Arbitration Award indicates "that the limitation of liability provisions of the License Agreement are enforceable; that the only damages FDM seeks are precluded by these provisions of the agreement; that FDM's proof of damages was too speculative to meet its burden of proof; and that Wabash is therefore entitled to an award on all of FDM's claims." Id. at 7.

The arbitrators also dismissed Wabash's counterclaim for royalties FDM did not pay from mid-2001 because "Wabash failed to meet its burden of proving that it complied with all of its material obligations under the License Agreement." Id.

FDM now seeks a modification of the Arbitration Award. FDM argues that I should modify the award to explicitly award FDM the $678,328.22 it paid to Wabash as royalties prior to FDM ceasing royalty payments in mid-2001. For the reasons stated below, FDM's motion will be denied.

**II.     Legal Standard**

The Federal Arbitration Act sets out the limited circumstances under which a district court may modify an arbitration award. A district court may modify or correct an arbitration award where (a) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (c) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

**III.    Discussion**

Wabash argues that I do not have subject-matter jurisdiction to hear FDM's Motion to Modify Arbitration Award.  However, assuming without deciding that I do have subject-matter jurisdiction, FDM is not entitled to the relief it seeks under the Federal Arbitration Act.

FDM purports to seek a modification of the Arbitration Award entered in this matter under 9 U.S.C. § 11(c).  Section 11(c) provides that an order modifying an arbitration award may be entered "where the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c).  FDM argues I should modify the Arbitration Award to award FDM $678,328.22 for prior royalties it paid to Wabash.  FDM ceased making royalty payments in mid-2001.

In the arbitration proceedings, FDM sought the recovery of lost profits from Wabash's alleged failure to provide FDM with Improvements to the technology licensed under the License Agreement. The arbitration panel explicitly found that the only damages sought by FDM in the arbitration were lost profits.  The arbitration panel then concluded that the damages FDM sought were precluded by the limitation of liability provision of the License Agreement. As a result, FDM's claims were dismissed. Pl's. Mem. in Supp. of Mot., Docket No. 3, Ex. 2 at 7.

During the arbitration, Wabash filed a counterclaim arguing it was entitled to royalties FDM had failed to pay after the first half of 2001.  The arbitration panel dismissed Wabash's counterclaim because Wabash failed to meet its burden of proof that it had complied with all of its material obligations under the License Agreement.  Id.

FDM argues that I should modify the Arbitration Award by concluding that the dismissal of Wabash's counterclaim for its failure to carry its burden to show that it complied with the material obligations of the License Agreement, indicates the arbitration panel intended to award FDM the prior royalties it paid to Wabash.

FDM's argument is not only unpersuasive but directly refuted by the Arbitration Award. FDM now seeks damages it did not seek in the arbitration proceedings. However, the arbitration panel explicitly found that the *only* damages FDM sought were lost profits.  Second, Wabash's counterclaim did not raise an issue concerning prior royalties paid by FDM to Wabash.  Wabash unsuccessfully sought *unpaid royalties* from FDM from mid-2001.  This does not support a finding that the Arbitration Award was intended to award FDM the royalties *previously paid* to Wabash.  As a result, FDM has failed to establish that the modification it seeks is merely to an award that is imperfect in form and does not affect the merits of the controversy submitted to the arbitration panel.  I will deny the relief sought by FDM.

  Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Fruehauf de Mexico, S.A. de C.V.'s Motion to Modify Arbitration Award [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** each party shall file simultaneous supplementary briefs regarding Respondent's motion for sanctions no later than 20 days from the date of this Order.

Dated this 2nd day of March, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE