UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRUEHAUF de MEXICO, S.A. de C.V., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11 MC 281 RWS |
| | ) |
| WABASH NATIONAL CORPORATION, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Fruehauf de Mexico, S.A. de C.V. ("FDM") and Respondent Wabash National Corporation ("Wabash") engaged in an arbitration proceeding to address disputes that arose from FDM's agreement to pay royalties to Wabash in exchange for FDM's use of certain trademarks, patents, and technology and for Wabash to provide FDM with any "Improvements" Wabash made to the technology.  The parties submitted their disputes to an arbitration panel, which entered a final award.  FDM then sought to modify the arbitration award.  Wabash opposed the motion and filed a motion for sanctions.  I denied FDM"s motion to modify the arbitration award and this matter is currently before me on Wabash's motion for sanctions [#11].  For the reasons stated below, Wabash's motion for sanctions will be denied.

**I.      Background**

The parties entered into a licensing agreement in 1999 ("License Agreement") that gave FDM the right to use certain trademarks, patents, and technology in exchange for royalty payments. The License Agreement required Wabash to provide to FDM any "Improvements" that Wabash made to the technology. The License Agreement also required the parties to resolve any disputes

arising from the License Agreement through arbitration administered by the American Arbitration Association.

FDM commenced arbitration proceedings alleging that Wabash breached its obligation to disclose Improvements. Wabash asserted a counterclaim seeking royalty payments that were not paid by FDM beginning in mid-2001. The arbitration panel ultimately issued an Arbitration Award on February 14, 2011.

In the Arbitration Award, the arbitrators indicate that FDM only sought lost profits in its claim that Wabash failed to disclose Improvements to FDM. Pl's. Mem. in Supp. of Mot., Docket No. 3, Ex. 2 at 5. The Arbitration Award indicates "that the limitation of liability provisions of the License Agreement are enforceable; that the only damages FDM seeks are precluded by these provisions of the agreement; that FDM's proof of damages was too speculative to meet its burden of proof; and that Wabash is therefore entitled to an award on all of FDM's claims." Id. at 7.

The arbitrators also dismissed Wabash's counterclaim for royalties FDM did not pay from mid-2001 because "Wabash failed to meet its burden of proving that it complied with all of its material obligations under the License Agreement." Id.

FDM sought a modification of the Arbitration Award to explicitly award it the $678,328.22 it paid to Wabash as royalties. I denied FDM's motion to modify because the Arbitration Award explicitly indicated the only damages sought by FDM were lost profits.

Wabash filed a Motion for Sanctions under Federal Rule of Civil Procedure 11, arguing FDM's motion to modify is unsupported in law or fact.

II.     **Legal Standard**

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Fed. R. Civ. P. 11(c)(1).

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

 Fed. R. Civ. P. 11(c)(2).

### III.    Discussion

Wabash argues that FDM's Motion to Modify Award was unsupported in law or fact, and, as a result, warrants the imposition of sanctions.  On May 24, 2011, counsel for Wabash served FDM's counsel with a copy of its Motion for Sanctions and Memorandum of Law in Support.

However, Wabash indicates in the Motion filed with the Court that "certain additions have been made to the instant Motion and Memorandum since the time they were originally served upon FDM. These additions reflect activity that has accrued during the twenty-one (21) day grace period prescribed by the Federal Rule of Civil Procedure 11." Memo. in Support of Motion for Sanctions, Docket No. 12.

After considering the evidence, I find that Wabash did not strictly follow Rule 11's procedural requirements. A party is not entitled to sanctions if the party moving for sanctions "failed to comply with Rule 11's procedural requirements." Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir.2003) (holding that it was an abuse of discretion for the District Court to issue sanctions when the moving party's "request" for sanctions was not made separately from other motions and moving party did not serve a prepared motion on Appellant prior to making any request to the court.).

While this case presents a close call whether Petitioner's conduct is sanctionable, Wabash acknowledges that the motion filed with the Court includes allegations that were not asserted in the motion served upon FDM. As a result, I find that Wabash did not comply with Rule 11's strict procedural requirements, and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Respondent's Motion for Sanctions [#11] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2012.